UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CALVIN D. PETTEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:18-cv-00167-JAR |
| | ) |
| RONDA PASH, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Calvin D. Pettey's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). The Government has responded (Doc. 16) and Petitioner has replied. (Doc. 28). For the following reasons, Petitioner's Section 2254 petition is **DENIED** and this action is **DISMISSED with prejudice.**

**I.   INTRODUCTION AND BACKGROUND**

On June 20, 2012, a jury found Petitioner guilty of first-degree murder, and on August 27, 2012, Petitioner was sentenced to life in prison without the possibility of parole. (Doc. 1 at 2). Petitioner filed a direct appeal raising the following claim: "The trial court abused its discretion in denying defense counsel's request for mistrial when the trial court instructed the jury on punishment." (Doc. 16-3 at 12). The Missouri Court of Appeals for the Eastern District, finding no error, affirmed the judgment. (Doc. 16-5). The court summarized the pertinent facts from Petitioner's trial as follows:

> In January 2010, [Petitioner] reconnected with Rebecca Kirk, his former high school girlfriend, and in February 2010, they began a sexual relationship. At the time, [Petitioner] was engaged to Sandra Fugate (Victim), and Ms. Kirk was married to Harold Kirk. [Petitioner] informed Ms. Kirk about his engagement and confided that he was "trying to find a way out of getting married." In March 2010,

> Ms. and Mr. Kirk separated, and Ms. Kirk moved in with her mother.
>
> While Ms. Kirk was living with her mother, [Petitioner] told her that he needed a .22 caliber rifle. Ms. Kirk informed him that her husband owned one, and they went to Ms. Kirk's house where [Petitioner] took Mr. Kirk's rifle. Around this time, [Petitioner] and Ms. Kirk discussed various plots to postpone or prevent [Petitioner's] wedding. One plan involved staging a robbery in which [Petitioner] would kill Victim and Ms. Kirk would shoot and injure [Petitioner]. Ms. Kirk told her friend, Michelle Hinch, about the plan to kill Victim, and Ms. Hinch persuaded Ms. Kirk to advise [Petitioner] that she would not participate in Victim's murder.
>
> On the morning of April 15, 2010, [Petitioner] shot Victim three times in the head and once in the side with Mr. Kirk's .22 caliber rifle, killing her. He then picked up Ms. Kirk from her mother's house and drove to his medical appointment in Columbia, Missouri. On their way home, [Petitioner] told Ms. Kirk that he had killed Victim that morning. He also called Victim's mother and asked her to check on Victim because he was unable to get in touch with her. Victim's mother went to Victim's house and found her in the basement lying face down in a pool of blood.
>
> [Petitioner] took Ms. Kirk to her mother's house and asked her to burn a trash bag containing clothing and "get rid of" a gun in a long white box by burning the wooden parts and throwing the metal parts into a body of water. Before following [Petitioner's] instructions, Ms. Kirk called Ms. Hinch to tell her what happened. Ms. Hinch and her husband informed the Hannibal Police Department about Ms. Kirk's statements to Ms. Hinch. On April 16, detectives from the Hannibal Police Department interviewed Ms. Kirk and Ms. Kirk helped the detectives to recover the disposed-of evidence.

(*Id.* at 3-4). After his convictions were affirmed on direct appeal, Petitioner filed a motion for post-conviction relief under Missouri Supreme Court Rule 29.15. (Doc. 16-6 at 9-25). Counsel was appointed and an amended petition was filed. (*Id.* at 26-43). The motion was denied. (*Id.* at 48-74). On April 4, 2017, the Missouri Court of Appeals for the Eastern District affirmed the judgment. (Doc. 16-10).

Petitioner then filed the instant Section 2254 petition raising eleven grounds for relief:

(1) Trial counsel rendered ineffective assistance by failing to make compelling arguments attacking the State's negligent charging decision and the lack of investigative competence by the Hannibal Police Department. (Doc. 1 at 15).

(2) Trial counsel rendered ineffective assistance by failing to object to the testimony of Detective McBride regarding Petitioner's behavior and silence during his interview. (*Id.* at 18).

(3) Trial counsel rendered ineffective assistance by failing to present a viable alibi defense. (*Id.* at 19).

(4) Trial counsel rendered ineffective assistance by inviting testimony regarding the recovery of semen from the body of the victim. (*Id.* at 20).

(5) Trial counsel rendered ineffective assistance by failing to object to Ms. Hinch's testimony as inadmissible hearsay and bolstering. (*Id.* at 22).

(6) Trial counsel rendered ineffective assistance by failing to call a qualified crime scene expert to testify. (*Id.* at 23).

(7) Trial counsel rendered ineffective assistance by failing to call a qualified computer expert to testify. (*Id.* at 25).

(8) Trial counsel's cumulative errors constituted ineffective assistance of counsel. (*Id.* at 27).

(9) Appellate counsel rendered ineffective assistance by failing to raise substantive claims on appeal regarding the trial court's admission of certain exhibits. (*Id.*).

(10) The Missouri Court of Appeals' decision affirming the trial court's decision denying Petitioner's request for a mistrial was an unreasonable application of federal law and a misapplication of the facts. (*Id.* at 30).

(11) The Missouri Court of Appeals' decision affirming the motion court's finding that trial counsel was not ineffective for failing to object to the testimony of Detective McBride as to Petitioner's silence was an unreasonable application of federal law and a misapplication of the facts. (*Id.* at 32).

## II.   ANALYSIS

A district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A federal court may not grant a writ of habeas corpus as to any claim that was adjudicated on the

merits in state court proceedings unless such adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

"A state court's decision is contrary to . . . clearly established law if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision . . . and nevertheless arrives at a [different] result." *Cagle v. Norris*, 474 F.3d 1090, 1095 (8th Cir. 2007) (alteration in original) (quoting *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003)). A state court "unreasonably applies" federal law when it "identifies the correct governing rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams v. Taylor*, 529 U.S. 362, 407 (2000). The habeas petition may be granted only if "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents." *Harrington v. Richter*, 562 U.S. 86, 131 (2011) (citing 28 U.S.C. § 2254(d)).

## PROCEDURAL DEFAULT

Respondent argues that Petitioner failed to exhaust his first eight grounds for relief. "[A] state prisoner must exhaust available state remedies before presenting his claim to a federal habeas court." *Davila v. Davis*, 137 S.Ct. 2058, 2064 (2017) (citing 28 U.S.C. § 2254(b)(1)(A)).

Exhaustion requires "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims." *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010) (citing *O'Sullivan,* 526 U.S. at 848)).

Petitioner only pursued one claim on appeal from his denial of post-conviction relief and would therefore appear to have procedurally default on the other grounds brought here. (Doc. 16-10). For nearly each of his first nine grounds for relief,[1] however, Petitioner repeats the following: "This issue was not raised in state court. This failure was due to ineffective assistance of [Petitioner's] postconviction counsel. Should respondent assert that this ground is procedurally barred, [Petitioner] will argue that under *Martinez v. Ryan*, 132 S.Ct. 1309, 1317 (2012), he is entitled to develop and present this ground for relief in this Court." (Doc. 1). Respondent, in turn, consistently argues that Petitioner "makes a conclusory allegation" but "fails to allege facts . . . that show either a breach of duty or resulting prejudice from the putative ineffective assistance of post-conviction trial counsel." (Doc. 16).

A habeas petitioner under § 2254 may avoid procedural default only by showing that there was cause for the default and resulting prejudice, or that a miscarriage of justice will result from enforcing the procedural default in the petitioner's case. *See Wainwright v. Sykes*, 433 U.S. 72, 87, 90–91 (1977). In order to establish cause, the petitioner must show that "some objective factor external to the defense" prevented his compliance with a state procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). In *Coleman v. Thompson*, the Supreme Court established the general rule that counsel's errors in post-conviction proceedings do not qualify as a cause for default. 501 U.S. 722, 753-75 (1991). In *Martinez*, the Supreme Court recognized a narrow exception to this

---

[1] For unclear reasons, this language is not included in Ground 8. This Court will assume that Petitioner intended to apply *Martinez* here as well.

- 5 -

rule: "Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review proceeding, there was no counsel or that counsel was ineffective." *Martinez*, 132 S.Ct. at 1320. The Supreme Court also noted that a petitioner must demonstrate that the underlying ineffective assistance of trial counsel claim "is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Id.* at 1318; *see also Isaac v. Wallace*, 2016 WL 855858, at \*6 (E.D. Mo. Feb. 1, 2016).

This narrow exception has been subsequently clarified. The Supreme Court held in *Davila v. Davis* that it does not extend to claims of ineffective assistance of appellate counsel. 137 S.Ct. 2058 (2017); *see* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."). The Eighth Circuit has also determined that *Martinez* "offers no support . . . for the contention that the failure to preserve claims on appeal from a postconviction proceeding can constitute cause." *Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012); *see also Turner, Jr. v. Cassady*, 2015 WL 11216678 (E.D. Mo. Nov. 10, 2015).

This Court finds that Petitioner has procedurally defaulted on Grounds 1 and 3-8.[2] *Martinez* does recognize an exception to the general rule in *Coleman*, but only if Petitioner can establish that counsel was ineffective in the post-review proceeding. Instead, Petitioner makes the threadbare assertion that he "will argue that under [*Martinez*] he is entitled to develop and present his ground for relief in this Court." Petitioner was provided counsel for his post-conviction appeal. Per the standard established in *Strickland v. Washington*, Petitioner must make a showing that (1)

---

[2] The one issue Petitioner has exhausted is substantially similar to Ground 2 brought here, and therefore Petitioner has not procedurally defaulted on this ground.

- 6 -

such counsel's performance fell below an objective standard of reasonableness and (2) petitioner was sufficiently prejudiced such that "the result of the proceeding would have been different." 466 U.S. 668, 694 (1984). Petitioner has not provided any facts suggesting post-conviction was counsel was ineffective and accordingly has procedurally defaulted on Grounds 1 and 3-8.

In the alternative, the Court notes that Petitioner's Rule 29.15 motion did include multiple claims substantially similar to those identified in the instant petition. In his Rule 29.15 Amended Motion, which was prepared with assistance of counsel, Petitioner made various claims as to ineffective assistance of trial counsel, including certain "pro se claims [] included at the request of the [Petitioner]." (Doc. 16-6 at 31). These claims included multiple grounds for relief identified in the current petition:

> *Ground 1*: Petitioner argued that trial counsel failed to object on various of his component claims, specifically concerning the investigation of the crime scene, ballistics analysis, and failure to obtain comprehensive DNA testing. (*Id.* at 29, 36).
>
> *Ground 3*: Petitioner argued that trial counsel failed to impeach the testimony of Peggy Porter, the coroner for Marion County. (*Id.* at 27-28).
>
> *Ground 4*: Petitioner argued that trial counsel failed to object to the prosecution's discussion in his closing statement of semen found at the crime scene. (*Id.* at 35-36).
>
> *Ground 5*: Petitioner argued that trial counsel failed to object to Ms. Hinch's testimony as hearsay and bolstering. (*Id.* at 38).

The Eighth Circuit has addressed this precise issue and found that claims brought in a Rule 29.15 motion but not preserved on appeal are procedurally defaulted. *Arnold*, 675 F.3d 1082 (2012). As to these claims, [Petitioner] "has already had his day in court; deprivation of a second day does not constitute cause." *Id.* at 1087. Therefore, Plaintiff has twice procedurally defaulted on Grounds 1 and 3-5.

Despite Plaintiff's procedural default on Grounds 1 and 3-8, the Court will proceed to

substantively address each of Plaintiff's ineffective assistance of trial counsel claims and finds that Plaintiff has not met the *Strickland* standard.

## INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

Petitioner's first eight grounds for relief all claim ineffective assistance of trial counsel. Federal habeas review of an ineffective assistance of counsel claim is "doubly deferential." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). First, a petitioner must overcome the high bar of *Strickland v. Washington* by showing that (1) counsel's performance fell below an objective standard of reasonableness and (2) petitioner was sufficiently prejudiced such that "the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694 (1984). "It is not sufficient for a defendant to show that the error had some 'conceivable effect' on the result of the proceeding because not every error that influences a proceeding undermines the reliability of the outcome of the proceeding." *Odem v. Hopkins*, 382 F.3d 846, 851 (8th Cir. 2004) (quoting *Strickland*, 466 U.S. at 693).

Second, under 28 U.S.C. § 2254, Petitioner must demonstrate that the state court's adjudication of his ineffective assistance claim was "unreasonable." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) ("The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable."). Both the *Strickland* standard and the standard set forth in § 2254 are highly deferential. Ultimately, "[t]he question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* at 105. "[I]t is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied *Strickland* incorrectly. Rather, [the petitioner] must show that the [state court] applied *Strickland* to the facts

of his case in an objectively unreasonable manner." *Underdahl v. Carlson*, 381 F.3d 740, 742 (8th Cir. 2004) (quoting *Bell v. Cone*, 535 U.S. 685, 698-99 (2002)).[3]

*Ground 1: Ineffective Assistance – State's Charging Decision and Investigation*

In his first ground for relief, Petitioner broadly claims that trial counsel "failed to offer evidence and make compelling arguments attacking the State's negligent charging decision and the lack of investigative competence by the Hannibal Missouri police department." (Doc. 1 at 15). Petitioner cites a variety of issues regarding bullets recovered from the crime scene, DNA testing, the coroner's statements to a reporter, and the state's failure to investigate Ms. Kirk. (*Id.* at 16).

Such cumulative arguments are not cognizable under *Strickland*. Petitioner cites to *Kyles v. Whitely*, 514 U.S. 419 (1985), which concerns a prosecutor's duty to disclose evidence under *Brady v. Maryland*, 373 U.S. 83 (1963), and is inapplicable here. The Eighth Circuit has made clear that "cumulative error does not call for habeas relief, as each habeas claim must stand or fall on its own." *Girtman v. Lockhart*, 942 F.2d 468, 475 (8th Cir. 1991) (quoting *Scott v. Jones*, 915 F.2d 1188, 1191 (8th Cir. 1990)).

The Court further finds that the individual claim, that counsel should have objected to the state charging decision as negligent, does not pass the *Strickland* standard. Ample evidence supported the jury's ultimate determination of guilt and established the basis for the state's charging decision. Any objection by trial counsel would have been entirely meritless. "Failure to raise a meritless objection cannot support a claim of ineffective assistance." *Sittner v. Bowersox*, No. 19-1742, 2020 WL 4590128, at *4 (8th Cir. Aug. 11, 2020) (citing *Gray v. Bowersox*, 281 F.3d 749, 756 n.3 (8th Cir. 2002)). As to the other component claims, the Court agrees with the

---

[3] This second element of the doubly deferential standard will only apply to Ground 2 since Petitioner has not exhausted his other grounds for relief.

findings of the motion court that trial counsel's decisions were strategically sound. Trial counsel appropriately determined that further DNA testing may have incriminated rather than exonerated Petitioner, and Petitioner has not provided any evidence that ballistics reports would have been exculpatory. (Doc. 16-6 at 71-73).

*Grounds 2 and 11*: Ineffective Assistance – Failure to Object to Detective McBride's Testimony

In his second ground for relief, Petitioner claims that trial counsel rendered ineffective assistance by failing to object to the testimony of Detective McBride regarding Petitioner's behavior and silence during an interview. In his eleventh ground for relief, Petitioner argues that the Missouri Court of Appeals erred by affirming the decision of the motion court on this issue. Petitioner's argument concerns the following exchange at trial:

Question: I'll start over. So tell me again what you asked Duane Pettey.

Answer: I asked him if he would have done anything extreme for love of Becky [Kirk].

Question: And what did he say?

Answer: Yes.

Question: Did you then tell him something?

Answer: I asked him if he did.

Question: And what did he say?

Answer: He put his head down.

Question: Okay. Did you – but he didn't answer that question?

Answer: He did not verbally answer that question.

(Doc. 16-1 at 258). Petitioner claims that trial counsel was ineffective for failing to object

to this exchange.[4]

The Supreme Court has clearly held that the accused must unambiguously invoke his or her right to remain silent. *Berghuis v. Thompkins*, 560 U.S. 370 (2010). Petitioner lowering his head was not an unambiguous invocation of this right. Accordingly, trial counsel's failure to object was not objectively unreasonable since any objection would have been meritless. Further, Petitioner had already answered "yes" when asked if he would do something extreme for the love of Ms. Kirk. Any additional prejudice created by Detective McBride's testimony that Petitioner lowered his head would have been minimal, and certainly not enough to change the outcome of the proceeding.

This is the only ground that Petitioner has fully exhausted, and the Missouri Court of Appeals adequately applied Supreme Court precedent. The court properly cited *Strickland* and *Berghuis*, ultimately determining that Petitioner "putting his head down after agreeing to speak with Detective [McBride] was a non-verbal response that did not unambiguously and unequivocally assert his right to remain silent." (Doc. 16-10 at 4). The court found that even if counsel had made a meritorious objection, the impact would have been minimal. (*Id.* at 5). Petitioner has not demonstrated that this was an unreasonable application of Supreme Court precedent.

<u>*Ground 3: Ineffective Assistance – Failure to Present a Viable Alibi Defense*</u>

In his third ground for relief, Petitioner claims that trial counsel rendered ineffective assistance by failing to present a viable alibi defense. Petitioner discusses extrajudicial statements by the coroner indicating the coroner's apparent belief that the victim died around 11:47 AM.

---

[4] Trial counsel did object in advance of this exchange, but only to ensure that Detective McBride did not discuss Petitioner's request for an attorney. (Doc. 16-1 at 255-57).

(Doc. 1 at 19). The coroner clearly testified at trial, however, that she did not know when the victim died. (Doc. 16-1 at 221). As the motion court noted, moreover, it is "a matter well know[n] that the elected county coroner does not necessarily possess the education or knowledge necessary to determine time of death." (Doc. 16-6 at 70).

Petitioner argues that he could not have returned from his doctor's appointment in Columbia, Missouri before 11:47 AM. Ms. Kirk joined Petitioner for the medical appointment in Columbia. (Doc. 1 at 6). Petitioner admits that his primary defense strategy was to argue that Ms. Kirk committed the murder, and this is the basis for many of Petitioner's claims of ineffective assistance of trial counsel. (*Id.* at 21). An alibi defense based on the doctor's appointment would also have exonerated Ms. Kirk. Therefore, trial counsel could not present the alibi defense stemming from the doctor's appointment without jeopardizing the entire theory of the defense. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690. It was not objectively unreasonable for trial counsel to decline to pursue a strategy which would have contradicted the defense's primary theory of the case.

Alternatively, Petitioner fails to demonstrate that trial counsel's failure to impeach the coroner was sufficiently prejudicial to "undermine[] the reliability of the outcome of the proceeding." *Odem v. Hopkins*, 382 F.3d 846, 851 (8th Cir. 2004) (quoting *Strickland*, 466 U.S. at 693). The coroner clearly testified at trial that she could not provide an exact time of death, and Petitioner offers no other evidence supporting the 11:47 AM time of death estimate. Ample evidence supported the conviction, and the jury would have been unlikely to reach a different verdict if the coroner's testimony had been impeached.

*Ground 4: Ineffective Assistance – Introduction of Evidence of Semen at Crime Scene*

In his fourth ground for relief, Petitioner argues that trial counsel rendered ineffective assistance by introducing prejudicial evidence of semen found at the crime scene and failing to object when such evidence was discussed in the prosecution's closing arguments. Petitioner's counsel had the following exchange with Detective McBride at trial:

Question: And during that interaction [with the medical examiner] you came to learn that semen was found in the vaginal area of [the victim]?

Answer: Yes.

Question: Now, you never collected any semen or bodily fluid from the autopsy, did you?

Answer: Best of my knowledge I don't believe so.

(Doc. 16-1 at 270). Trial counsel was clearly attempting to establish that the investigating police failed to test key evidence. In his closing argument, trial counsel highlighted this apparent investigative failure: "[Detective McBride] said there was semen in the vaginal area of the body. What? There was? Really. That's interesting . . . . Where's that at?" (*Id.* at 694). In this Rule 29.15 motion, Petitioner argued that insufficient evidence supported the verdict precisely because the investigators failed to test the semen against Petitioner's DNA. (Doc. 16-6 at 29). During a post-conviction hearing, Petitioner testified that evidence of the semen "most definitely" could be beneficial to his defense because he "[knew] it wasn't [his]." (Doc. 16-7 at 24).

The Court reiterates that strategic decisions at trial, even if they are unsuccessful in hindsight, are not objectively unreasonable under *Strickland*. Trial counsel made a reasonable determination, in apparent agreement with Petitioner, that the police's failure to test the semen was more evidence of Petitioner's innocence than the semen's existence was evidence of Petitioner's guilt. A trial strategy decision, if reasonable at the time, cannot support an ineffective assistance

claim even if better choices could have been made in hindsight. *See Francis v. Miller*, 557 F.3d 894 (8th Cir. 2009). Accordingly, trial counsel did not render ineffective assistance by inviting Detective McBride's testimony or failing to object to the prosecution's closing arguments.

*Ground 5*: *Ineffective Assistance – Failure to Object to Michelle Hinch's Testimony*

In his fifth ground for relief, Petitioner argues that trial counsel rendered ineffective assistance by failing to object to the testimony of Michelle Hinch as hearsay and bolstering. Ms. Hinch testified at trial that Ms. Kirk had informed her of a plot to murder the victim. (Doc. 16-1 at 486). During a post-conviction hearing, Petitioner's trial counsel explained the strategic basis for his decision not to object to Ms. Hinch's testimony: "I believed that [Ms. Kirk's] testimony was not terribly credible and so therefore the strategy was that we felt that she could hang herself with her own statements." (Doc. 16-7 at 58). Per trial counsel, Ms. Kirk provided conflicting stories between her statements to Ms. Hinch, written statements to police, and deposition. (*Id.* at 59-60). Therefore, trial counsel reasonably determined that permitting Ms. Hinch's testimony would reveal such inconsistencies and impeach the credibility of a key state witness and prime suspect. Trial counsel also argued that these statements put Ms. Kirk "in the driver's seat as the master conspirator," which fit the defense theory of Ms. Kirk as the murderer. (*Id.* at 60).

It is clear from trial counsel's testimony that the decision not to object was a matter of sound trial strategy and not objectively unreasonable under *Strickland*. Alternatively, the Court finds that any alleged error by trial counsel was not prejudicial under *Strickland* given the substantial evidence supporting the jury's verdict. Petitioner claims that trial counsel failed to make an objection on grounds of bolstering. While it is doubtful that the trial court would have granted such an objection if made, a bolstering objection may have been appropriate precisely because Ms. Hinch's testimony only supplemented existing evidence regarding the murderous plan

crafted by Petitioner and Ms. Kirk. Failure to make such an objection did not change the outcome of the trial given the evidence already in front of the jury.

*Grounds 6-7: Ineffective Assistance – Failure to Call Crime Scene and Computer Experts*

In his sixth and seventh grounds for relief, Petitioner argues that trial counsel rendered ineffective assistance by failing to call crime scene and computer experts. As to the crime scene expert, Petitioner argues that the expert could have testified that Petitioner, who is 6'4", could not have shot the victim, who is 5'6", at an upward trajectory. (Doc. 28 at 8). Petitioner further argues that a computer expert could have recovered metadata regarding threatening letters to the victim typed on Ms. Kirk's computer. This Court acknowledges that trial counsel had "a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Chambers v. Armontrout*, 907 F.2d 825, 828 (8th Cir. 1990) (quoting *Strickland*, 466 U.S. at 691).

"To prevail on a claim of ineffective assistance of counsel for failure to call an expert witness, a movant must allege and prove the expert would have provided a viable defense." *Carmical v. Norman*, 2014 WL 4055440, at *11 (E.D. Mo. Aug. 15, 2014). On his sixth ground for relief, Petitioner has not established that trial counsel violated any duty by failing to call a crime scene expert to testify. Petitioner offers "nothing other than this own speculation" that a crime scene expert would have testified that he could not have committed the murder. *Isaac v. Wallace*, 2016 WL 855858, at *8 (E.D. Mo. Feb. 1, 2016). The fact that Petitioner was taller than the victim but the bullet was shot at an upward trajectory is not by itself sufficient to establish a duty on behalf of trial counsel to call a crime scene expert.

Regarding the computer expert, Petitioner again does not present sufficient facts to demonstrate that a computer expert would have provided testimony contradicting the state's

evidence. Petitioner's trial counsel had an opportunity to cross-examine the prosecution's computer expert regarding the issues Petitioner discusses in the current petition but declined to do so. (Doc. 16-1 at 577). This Court also finds that trial counsel's failure to call a computer expert was not prejudicial. The jury was already aware of Ms. Kirk's general involvement in Petitioner's plan to murder the victim, and Ms. Kirk admitted to typing the letters (at Petitioner's direction). (*Id.* at 379-80). There is not a reasonable probability that the outcome of the trial would have been different if trial counsel had called a computer expert. *Strickland*, 466 U.S. at 694.

*Ground 8: Ineffective Assistance – Cumulative Errors of Counsel*

In his eighth ground for relief, Petitioner argues that trial counsel's cumulative errors constituted ineffective assistance. As stated in response to Ground 1, such cumulative arguments are not cognizable under *Strickland* in the Eighth Circuit. Petitioner cites to *Kyles v. Whitely*, 514 U.S. 419 (1985), which concerns a prosecutor's duty to disclose evidence under *Brady v. Maryland*, 373 U.S. 83 (1963), and is inapplicable here. The Eighth Circuit has made clear that "cumulative error does not call for habeas relief, as each habeas claim must stand or fall on its own." *Girtman v. Lockhart*, 942 F.2d 468, 475 (8th Cir. 1991) (quoting *Scott v. Jones*, 915 F.2d 1188, 1191 (8th Cir. 1990)); *see also Middleton v. Roper*, 455 F.3d 838 (8th Cir. 2006).

PETITIONER'S REMAINING GROUNDS FOR RELIEF

*Ground 9: Ineffective Assistance of Appellate Counsel*

In his ninth ground for relief, Petitioner argues that appellate counsel rendered ineffective assistance by failing to raise substantive claims on appeal regarding the trial court's admission of prosecution's Exhibits 3, 13, 14, and 15. Errors in post-conviction proceedings do not justify granting a writ of habeas corpus. *See Bell-Bey v. Roper*, 499 F.3d 752, 756 (8th Cir. 2007) ("Any

error in Bell-Bey's state post-conviction proceeding is not a constitutional error that could justify granting an application for a writ of habeas corpus."). Petitioner again claims he will argue that he has a right to proceed under *Martinez v. Ryan*, 132 S.Ct 1309 (2012). The Supreme Court, however, has explicitly held that the *Martinez* exception does not extend to claims of ineffective assistance of appellate counsel. *Davila v. Davis*, 137 S.Ct. 2058 (2017); *see* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."). *Martinez* is a narrow exception only applicable to claims of ineffective assistance of trial counsel. Accordingly, Petitioner's ninth ground for relief is non-cognizable under applicable precedent.

*Ground 10: Trial Court Error – Verdict Director*

In his tenth ground for relief, Petitioner claims that the trial court erred by submitting a jury instruction which included information regarding sentencing even though Petitioner had waived his right to a jury sentencing. At trial, the verdict director read to the jury included the following statement: "If you do find the defendant guilty of murder in the first degree you are to assess and declare the punishment at imprisonment for life without eligibility for probation or parole." (Doc. 16-1 at 675). The judge promptly noted that language "shouldn't be in there" and informed the jury that the statement should be "stricken out of there." (*Id.*). Petitioner brought this claim on direct appeal, and the Missouri Court of Appeals found that the instruction "created no risk of a compromise verdict because we presume the jury followed the trial court's instruction to the jury to disregard the punishment paragraph." (Doc. 16-5 at 10). The court also found that Petitioner faced no risk of a compromise verdict because there is only one available sentence for first degree murder under Missouri law.

Petitioner argues that the "trial court's failure to grant [Petitioner's] request for mistrial

violated due process because it deprived him of a fundamentally unfair trial." (Doc. 1 at 32). Specifically, Petitioner argues, he had "waived jury sentencing to pursue an 'all or nothing' verdict" and the trial court's error "obviated that strategy." (*Id.* at 31). Petitioner cites no applicable federal law or Supreme Court precedent holding that such an error, which was immediately corrected by the trial judge, violates due process. "Mistrial is a drastic remedy reserved for the most extraordinary circumstances, and the decision whether to grant a mistrial is left to the sound discretion of the trial court." *Horitz v. Missouri*, 2009 WL 322237, at *4 (E.D. Mo. Feb. 9, 2009) (quoting *State v. Brown*, 998S.W.2d 531, 549 (Mo. banc 1999)). The trial court was well within its discretion, and Petitioner was not denied due process, by refusing to declare a mistrial. The Missouri Court of Appeals correctly noted that the primary concern when such an instruction is given in error, that the jury will impose a compromise verdict, was not applicable here.

### III.   CONCLUSION

To succeed under 28 U.S.C. § 2254, Petitioner was first required to exhaust his procedural remedies in state court. Petitioner failed to exhaust various grounds for relief and did not provide this Court with sufficient evidence to support a determination that the narrow exception established by *Martinez* should apply. Despite this procedural default, the Court substantively addressed each of Petitioner's grounds for relief and found that Petitioner has not demonstrated a violation of his constitutional rights. On the sole issue that Petitioner did filly exhaust (Grounds 2 and 11), the Missouri Court of Appeals reasonably applied Supreme Court precedent.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Calvin D. Pettey's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED.**

**FURTHER** the Court finds that, because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

A judgment dismissing this case is filed herewith.

Dated this 29th day of September, 2020.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE